.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED PACIFIC ENERGY OPERATIONS AND CONSULTING, INC., etc., et al.,<br><br>        **Plaintiffs,**<br><br>**vs.**<br><br><br>GAS AND OIL TECHNOLOGIES, INC., etc. et al.,<br><br>        **Defendants.** | CASE NO.   1:11-CV-00756 OWW SMS<br><br>**ORDER SHORTENING TIME FOR NOTICE AND HEARING OF MOTION**<br><br>**[CCP §§ 720.710,720.770, 995.020,995.910, 995.920]** |

The Ex Parte Application of Plaintiff and Judgment Creditor UNITED PACIFIC

ENERGY OPERATIONS AND CONSULTING, INC. ("Plaintiff"), for an order shortening time

for notice and hearing of Plaintiff's Notice of Motion and Motion Objecting to Sufficiency of

Undertaking of Tearlach Resources (California) Ltd. (the "Motion"), filed on June 2, 2011, has

been duly served and filed. The matter having been duly considered and submitted on the papers,

and good cause appearing therefor, IT IS HEREBY ORDERED BY THE COURT AS

FOLLOWS:

        1. The Plaintiff's application is granted and the Motion is deemed served on, and notice is

deemed given to, respondent Tearlach Resouerces California Ltd., the judgment debtor and the

levying officer.

2. The court clerk shall place the Plaintiff's Motion on calendar for hearing at 1:30 p.m. on June 9, 2011, in Courtroom 3 of the above-captioned court.

3. Respondents shall electronically file with the court and personally serve or serve by fax upon all parties not yet registered for electronic filing opposition to the Motion by 4:00 p.m. June 7, 2011.  Plaintiff shall electronically file and personally serve or serve by fax on all parties not yet registered for electronic filing any reply to any opposition of respondents by June 8, 2011 at 4:00 p.m.

4. The Court finds that this Order is justified because without an order shortening time for the subject Motion to be heard, Plaintiff would lose rights to object to the sufficiency of  TRC's undertaking and because the loss of such rights would result in irreparable injury to Plaintiff since Plaintiff would then lose adequate recourse to a surety to compensate Plaintiff for damages due to any loss of security in valuable oil properties in case of invalidity of TRC's third party claim, which could prevent Plaintiff from satisfying its judgment.


IT IS SO ORDERED.


Dated: June 3, 2011                          /s/ OLIVER W. WANGER
                                             United States District Court Judge