UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED PACIFIC ENERGY OPERATIONS AND CONSULTING, INC., etc., et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>GAS AND OIL TECHNOLOGIES, INC., etc. et al.,<br><br>    Defendants. | CASE NO. 1:11-CV-00756-OWW-SMS<br><br>ORDER GRANTING PLAINTIFF'S MOTION OBJECTING TO SUFFICIENCY OF UNDERTAKING, CONTINUING THE HEARING OF PLAINTIFF'S PETITION TO INVALIDATE THIRD PARTY CLAIM AND ISSUING PRELIMINARY INJUNCTION |
|---|---|

The Petition ("Petition") to Invalidate Third Party Claim and the Notice of Motion and Motion Objecting to Sufficiency of Undertaking of Tearlach Resources (California) Ltd. (the "Motion") of Plaintiff and Judgment Creditor UNITED PACIFIC ENERGY OPERATIONS AND CONSULTING, INC. ("Plaintiff"), both came on for hearing on June 9, 2011, at 1:30 p.m. in Courtroom 3 of the above- entitled Court, Judge Oliver W. Wanger presiding. Jack A. Draper appeared in court fo Plaintiff and Richard D. Farkas appeared telephonically for the third party claimant Tearlach Resources (California) Ltd. ("TRC"). The matter was argued, testimony was taken and the matter was then submitted. Having duly considered the matter, and good cause

appearing therefore, the court makes the following findings of fact and conclusions of law and issues the following orders:

    1. The amount of the undertaking to be provided in this matter is governed by CCP Section 720.630 which requires an undertaking in the amount required to satisfy the creditor's judgment or twice the market value of the property concerned.

    2. Based on the testimony given in this matter and the admitted Plaintiff's Exhibits 6-1, 6-2 and 6-3, the court finds that the value of the lease is such that the Motion is granted and the undertaking of TRC is ruled to be insufficient and is hereby ordered exonerated and expunged, and an undertaking of $100,000 is required if TRC chooses to provide a subsequent undertaking in this matter. The court further finds provisionally and without precluding the matter for a further or different finding at trial, that Western States International Inc. is the 100% lease owner of the BLM Lease Nos. CACA 45618 and 45619 as of June 7, 2011.

    3. The court further orders, without objection by counsel, that the concurrently noticed Plaintiff's Petition hearing be continued from this date to a trial at a later date in the near future, to be scheduled as soon as possible at a telephonic pre-trial hearing to be held on July 22, 2011 at 12:00 p.m. in Courtroom 3 of this court, with telephonic appearances permitted by counsel. The court relieves counsel of the full requirements of pre-trial rules for this special proceeding, except that a joint pre-trial order with witness lists, exhibit lists and a stipulation as to the exchange and marking of exhibits thereunder on or before the pre-trial date, and a stipulation that no jury is required, shall be provided to the court in a proposed joint pre-trial order which counsel are directed to meet and confer about promptly. After such meet and confer is undertaken in good faith by counsel, Plaintiff's counsel will prepare the proposed joint pre-trial order and promptly file it with the court.

    4. Without objection by TRC counsel, and because the court finds that irreparable injury would occur to Plaintiff if the Leases were to be released or otherwise disposed of due to expiration of the court's currently in force temporary restraining order ("TRO") enjoining the release of the Leases by the U.S. Marshals Service, before the ultimate resolution of Plaintiff's Petition to Invalidate the TRC Third Party claim ("Petition") which is pending before this Court,

the Court further orders that this Court's previously issued temporary restraining order in this case dated May 27, 2011 is hereby replaced effective immediately by a preliminary injunction issued hereby enjoining the U.S. Marshals Service and its agents and officers from releasing the Leases until the by further order the Court dissolves such preliminary injunction in connection with a final resolution of the Petition occurs by trial or other disposition approved by this Court.

     5. Plaintiff shall serve this Order on the U.S. Marshal, and the judgment debtor, by fax or email by June 13, 2011, followed by mail service thereon by June 14, 2011. TRC shall be deemed served by the court's CM/ECF system which TRC counsel subscribes to.

     6. The Court finds that this Order is justified because without issuance of a preliminary injunction, the current TRO would expire and Plaintiff would lose rights to object to the sufficiency of TRC's undertaking and because the loss of such rights would result in irreparable injury to Plaintiff since Plaintiff would then lose adequate recourse to a surety to compensate Plaintiff for damages due to any loss of security in valuable oil properties in case of invalidity of TRC's third party claim, which could prevent Plaintiff from satisfying its judgment.

The parties have agreed to a procedure for marketing the 600 barrels of oil now held by the marshal and the proceeds of sale shall be held in escrow pending final disposition of this proceeding.

IT IS SO ORDERED

Dated: June 13, 2011                         /s/ OLIVER W. WANGER
                                                    United States District Judge