**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED PACIFIC ENERGY OPERATIONS AND CONSULTING, INC., et al.,**<br><br>            **Plaintiffs,**<br><br>     **v.**<br><br>**GAS AND OIL TECHNOLOGIES, INC., et al.,**<br><br>            **Defendants.** | **1:11-cv-00756-OWW-SMS**<br><br>**ORDER DENYING PETITION TO INVALIDATE THIRD PARTY CLAIM (Doc. 17)** |

## I. INTRODUCTION.

On January 5, 2011, United Pacific Energy Operations and Consulting, Inc., and Paul Giller ("UPEOC") filed a Registration of Foreign Judgment and Request for Execution. (Doc. 1). A writ of execution issued on February 2, 2011. (Doc. 5). A second writ of execution issued on April 14, 2011. (Doc. 9).

On May 6, 2011, Tearlach Resources (California), LTD ("Tearlach California") filed a third party claim pursuant to California Code of Civil Procedure 720.110, asserting an ownership interest in the property levied upon by UPEOC. On May 21, 2011 UPEOC filed a Petition to Invalidate Tearlach California's third party claim. (Doc. 17).

///

1

The court held a hearing pursuant to California Code of Civil Procedure 720.310 *et seq.* on August 2 and August 3, 2011. UPEOC filed proposed findings of fact and conclusions of law on August 4, 2011. (Doc. 85). Tearlach California filed proposed findings of fact and conclusions of law on July 29, 2011. (Doc. 72).

## II. FACTUAL BACKGROUND[1]

**Nature of the Dispute**

Judgment debtor Western States International, Inc. ("WSI") is the record owner of federal oil leases with the U.S. Bureau of Land Management ("Federal Leases") for a property referred to by the parties as Kern Front Field in Bakersfield, California.[2] UPEOC and Tearlach California each hold judgments against WSI issued in separate proceedings by two separate courts, federal and state, respectively.

UPEOC seeks to execute on approximately 900 barrels of crude oil produced at Kern Front Field by WSI. Tearlach California asserts an ownership interest in oil produced at Kern Front Field by WSI.

**UPEOC's Judgment**

On May 25, 2007, UPEOC filed suit in the Los Angeles County Superior Court against, *inter alia*, WSI and Tearlach Resources (Canada) LTD., a Canadian Corporation ("Tearlach Canada"). *United Pacific Energy Operations and Consulting, Inc., et al. v. Gas and Oil Technologies, Inc., et al.*, 2:07-cv-04436-CJC-RNB, Doc. 1.

---

[1] The parties present a deluge of extraneous issues. Only facts material to the petition to invalidate are recounted here. This court is not a forum for re-litigating issues previously decided.

[2] BLM Lease Nos. CACA 45618 and 45619.

**2**

Tearlach California, a subsidiary of Tearlach Canada, was not named as a defendant. The action was removed to the United States District Court for the Central District. *Id.* On May 29, 2007, UPEOC recorded Lis Pendens with the Kern County Recorder against the Federal Leases.

UPEOC filed a first amended complaint ("UPEOC's FAC") on September 26, 2007. *United Pacific Energy Operations and Consulting, Inc., et al. v. Gas and Oil Technologies, Inc., et al.*, 2:07-cv-04436-CJC-RNB, Doc. 27. Tearlach California was not named as a defendant in UPEOC's FAC. UPEOC's FAC alleged nineteen causes of action, all but two of which sought only monetary relief. Only the tenth and eleventh causes of action in UPEOC's FAC asserted interests in real property.

On October 19, 2007, Default Judgment was entered against Tearlach Canada. *United Pacific Energy Operations and Consulting, Inc., et al. v. Gas and Oil Technologies, Inc.,* et al., 2:07-cv-04436-CJC-RNB, Doc. 26. On February 25, 2008, the court granted Tearlach Canada's motion to set aside the default judgment. *Id.*, Doc. 42.

On May 2, 2008, the United States District Court for the Central District of California entered a Stipulated Amended Judgment ("2008 Consent Judgment") against WSI and several other entities. The 2008 Consent Judgment provides:

> this Court enters Judgment as follows...
>
> 2. $2,465,000 in favor of UNITED PACIFIC ENERGY OPERATIONS AND CONSULTING, INC. and against GAS AND OIL TECHNOLOGIES, INC., WESTERN STATES INTERNATIONAL, INC., and UNITED PACIFIC ENERGY CORPORATION, jointly and severally, on the first, second, third, fourth, sixth, seventh, eighth, ninth, twelfth, and sixteenth causes of action alleged in the First Amended Complaint by

**3**

>      Plaintiffs UNITED PACIFIC ENERGY OPERATIONS AND CONSULTING, INC. and PAUL GILLER; and
>
>      3. $135,000 in favor of Plaintiff PAUL GILLER and against GAS AND OIL TECHNOLOGIES, INC., WESTERN STATES INTERNATIONAL, INC., and UNITED PACIFIC ENERGY CORPORATION, jointly and severally, on the eighteenth and ninteenth causes of action alleged in the First Amended Complaint by Plaintiffs UNITED PACIFIC ENERGY OPERATIONS AND CONSULTING, INC. and PAUL GILLER

(Doc. 1).

**Tearlach California's Judgment**

On March 3, 2011, the Kern County Superior Court entered an Amended Judgment in favor of Tearlach California. (Doc. 26-1). The Kern County Superior Court Judgment is entitled "Amended Judgment After Court Trial" and provides, in pertinent part:

>      IT IS HEREBY ADJUDICATED THAT Cross-Defendant WESTERN STATES INTERNATIONAL, INC. transferred, effective on or before December 13, 2006, to Cross-complaintant TEARLACH RESOURCES (CALIFORNIA) LTD., a sixty percent (60%) working interest in the oil and gas property known as the Kern Front Field described in the TEARLACH RESOURCES (CALIFORNIA) LTD., Cross-complaint...including the Witmer A, B West and Sentinal A Lease...and Mitchell Lease (CACA 045618).

(Id.).

On March 21, 2011, Tearlach California recorded a Notice of Judgment Lien with the California Secretary of State against "all property subject to enforcement of a money judgment against [WSI] to which a judgment lien on personal property may attach." (Doc. 61-14).

### III. **LEGAL STANDARD**.

Where personal property has been levied upon under a writ of execution, a third party who claims ownership of or the right to possess the property may make a third party claim if the interest claimed is superior to the creditor's lien on the property. Cal.

**4**

Code Civ. P. § 720.110.[3] Either a creditor or third party claimant may request a hearing to determine the validity of a third party claim filed pursuant to section 720.110. Cal. Code. Civ. P. § 720.310. A hearing requested under section 720.310 must be held within 20 days after the filing of the petition unless continued by the court for good cause shown. *Id.* There is no right to a jury in hearings pursuant to section 720.310 et seq. Cal. Code. Civ. P. § 720.410.

The third party has the burden of proving an interest in the subject property by a preponderance of the evidence. Cal. Code Civ. P. § 720.360. The third party claimant can meet its burden under section 720.360 by introducing evidence showing that it owns the subject property. *Whitehouse v. Six Corp.*, 40 Cal. App. 4th 527, 535 (Cal. Ct. App. 1995) (citation omitted); *ITT Commercial Finance Corp. v. Tech Power, Inc.*, 43 Cal. App. 4th 1551, 1558-59 (Cal. Ct. App. 1996); *Banc of Am. Leasing & Capital v. Sferas Inc.*, 2011 Cal. App. Unpub. LEXIS 3420 * 10 (Cal. Ct. App. 2011) (unpublished). The burden then shifts to the creditor to establish that the third party's interest is invalid or inferior to that of the creditor. *Id*.

After a hearing pursuant to section 720.310, a court must give judgment determining the validity of the third party claim. Cal. Code. Civ. P. § 720.390. The judgment is conclusive between the parties to the proceeding. *Id.* The court need not order the disposition of the property or its proceeds. *Id.* No findings are

---

[3] Pursuant to Federal Rule of Civil Procedure 69(a), California law governs this matter. Fed. R. Civ. P. 69(a); *see, e.g., Credit Suisse v. United States Dist. Court*, 130 F.3d 1342, 1344 (9th Cir. 1997).

**5**

required in proceedings under section 720.310.  Cal. Code. Civ. P. § 720.400.

### IV. Discussion

**A. Federal Rule of Civil Procedure 13**

UPEOC contends that Tearlach California is the alter ego of Tearlach Canada and is thus barred from asserting its third party claim by Federal Rule of Civil Procedure 13, as Tearlach Canada did not assert the interest claimed as a compulsory counterclaim in the Central District action.[4]

Federal Rule of Civil Procedure 13(a) requires a party to assert a counterclaim when it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim."  Fed. R. Civ. P. 13(a).  Failure to assert a compulsory counterclaim before the related claim proceeds to judgment results in the barring of the counterclaim. *E.g., Dragor Shipping Corp. v. Union Tank Car Co.*, 378 F.2d 241, 244 (9th Cir. 1967)("Under Rule 13(a) a party who fails to plead a compulsory counterclaim against an opposing party is held to have waived such claim and is precluded by res judicata from bringing suit upon it again.").  As Tearlach Canada has not filed an answer in the Central District action, Rule 13(a) does not expressly address the situation presented here. *See MRW, Inc. v. Big-O Tires, LLC,* 2008 U.S. Dist. LEXIS 101902 *29 (E.D. Cal. 2008) (noting that applicability of section 13(a) to this type of situation is an open question in the Ninth Circuit).

---

[4] Because whether Tearlach California is the alter ego of Tearlach Canada is not relevant to the instant petition, the court makes no factual findings on the issue.

Several circuit courts of appeal have held that failure to plead a compulsory counterclaim is only fatal to that counterclaim under Rule 13(a) where judgment has already been entered in the related suit. *Id.* (citing *U.S. v. Snider*, 779 F.2d 1151, 1157 (6th Cir. 1985); *Lawhorn v. Atlantic Refining Co.*, 299 F.2d 353, 356-357 (5th Cir. 1962); *Martino v. McDonald's System, Inc.*, 598 F.2d 1079 (7th Cir. 1979). This construction is consistent with the plain language of Rule 13, which requires the party to state such a claim "at the time of serving a pleading." *Snider*, 779 F.2d at 1157.

Tearlach Canada has not filed an answer in the Central District Action. Rather, Tearlach Canada lodged a *proposed* answer in the Central District action in connection with its motion to set aside the Default Judgment. The Central District Court's order setting aside Tearlach Canada's default did not order that Tearlach Canada's proposed answer be deemed filed, and the Central District's docket does not contain an answer from Tearlach Canada. Nor does the Central District's docket contain any judgment pertaining to UPEOC's claims against Tearlach Canada. For reasons unknown, the entire action is designated "closed" on the Central District's docket.

UPEOC offers no legal support for its Rule 13 argument. The proposed conclusions of law submitted by UPEOC do not contain a single citation to any legal authority. (Doc. 84). In any event, assuming *arguendo* that UPEOC's unsupported alter ego contention is correct, application of Rule 13(a) to bar Tearlach California's third party claim is inappropriate because Tearlach Canada never filed an answer in the Central District Action, and UPEOC's claims

**7**

against Tealach Canada have not yet proceeded to judgment. *See MRW, Inc. v. Big-O Tires, LLC,* 2008 U.S. Dist. LEXIS 101902 *29 ("because there was no responsive pleading in either of the earlier cases, failure to plead a compulsory counterclaim in those cases does not bar plaintiff's claim in the instant suit"); see also *Snider*, 779 F.2d at 1157; *Lawhorn*, 299 F.2d at 356-357, *Martino*, 598 F.2d at 1082; *Stanton v. City of Philadelphia*, 2011 U.S. Dist. LEXIS 19916 *14 (E.D. Pa. 2011) (failure to plead a compulsory counterclaim is only fatal to that counterclaim where judgment has already been entered in the related suit); *ZS Assocs. v. Synygy, Inc.*, 2011 U.S. Dist. LEXIS 55711 *39 (E.D. Pa. 2011). Application of Rule 13 to bar Tearlach California's third party claim is inappropriate in light of the inchoate nature of the proceedings in the Central District.

**B. Validity of Tearlach California's Third Party Claim**

Tearlach California bears the initial burden of establishing an ownership interest in the subject property. *E.g., Whitehouse*, 40 Cal. App. 4th at 535. Tearlach California met its initial burden of going forward by presenting evidence of its ownership of the subject property. At the hearing, the court received into evidence the Kern County Superior Court's Judgment and the recorded assignment from WSI of an interest in an oil and gas lease to Tearlach California. This may have been collusive and entered without opposition, but no party has directly or collaterally attacked the judgment. Tearlach's judgment against WSI adjudicated that WSI transferred a sixty-percent working interest in Federal Leases which produced the oil subject to UPEOC's levy. Accordingly, the burden shifted to UPEOC to establish that Tearlach

8

California's interest is invalid or inferior. *Id.*

UPEOC attempts to collaterally attack the Kern County Superior Court's judgment by arguing that it does not mean what it says. UPEOC also contends that the judgment was entered in excess of the Superior Court's jurisdiction. Federal district courts have no authority to review the validity of state court judgments. *See, e.g., Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008)(noting that federal district courts are prohibited from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment). The court may not disturb the Kern County Superior Court's judgment based on UPEOC's arguments. *See, e.g., id.* ("A federal action constitutes such a de facto appeal where 'claims raised in the federal court action are "inextricably intertwined" with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules.'"). This is not the appropriate forum for UPEOC's collateral challenge to the findings expressed in the Kern County Superior Court's judgment.

In order to prevail on its petition to invalidate Tearlach California's third party claim, UPEOC must establish that Tearlach's interest is inferior to the interest UPEOC obtained upon entry of the 2008 Amended Consent Judgment. *See, e.g., Whitehouse*, 40 Cal. App. 4th at 535. As the court noted at the close of the hearing:

> the only issue that I think is left to be decided is, under the law, what is the effect of the recording of the lis pendens in relation to when the assignment was taken, when it was recorded, and basically what priority in law the lis pendens has in relation to the judgment obtained.

> And you have argued that, in effect, there is a relation back ab initio to give the judgment priority as of the time the lis pendens was filed. And the Court's recollection is that a lis pendens gives notice to the world that there's a pending lawsuit and claim. And that once a judgment in the case is entered, that lis pendens gives time priority to the judgment as of the date the lis pendens notice was given. That's the general rule. And so the question is if the assignment of the interest in the leases was made to the parties who claim to have that interest, as of a time that was prior to the filing of the lis pendens or the entry of the judgment, what is the effect of a subsequent transfer by way of assignment that is recorded after the lis pendens?

(Doc. 92 at 93). The court continued:

> [T]he only issue raised by that transfer is who's the correct owner of that 60 percent interest in the lease. Nobody is arguing -- and there is no evidence before the Court that Tearlach was not issuing and it did, in fact, issue the shares to acquire that interest from the transferring party. And so the 60 percent interest is owned by someone. And your contention is that if it is owned by the debtor, the judgment debtor, then it is fairly the subject of being executed on by the writ of execution.
>
> And the third party claimant's position is if the assignment occurred and was effective, then if the owner is a party not subject to the judgment, in other words, not a judgment creditor. And there isn't some other basis to say that party owes the third party claimant anything, then you get to execute and levy on 40 percent of that leasehold interest and you may have to get a charging order or some other kind of an order where there's a co-tenancy or whatever the law will say, as between those two parties, where there is a residuary owner who is the original owner, who transferred 60 percent of the interest in the leases.
>
> *And that 60 percent holder, who is not the subject of a judgment, holds those rights free and clear of the judgment lien, unless you can prevail in your theory*. And that's going to be decided as a matter of law. We have all the evidence on it. The evidence is not in dispute. It's strictly a matter of what's the legal effect.

(Id. at 94). UPEOC's counsel agreed with the court's assessment. (Id.).

///

10

UPEOC contends that its interest is superior to Tearlach California's interest because Tearlach California did not record WSI's assignment of the sixty-percent interest until after UPEOC filed its lis pendens. UPEOC argues that UPEOC's rights, as established by the 2008 Consent Judgment, relate back to May 29, 2007, the date on which UPEOC filed its lis pendens on WSI's Federal Leases. UPEOC's position is based on a misinterpretation of California's lis pendens law.

A lis pendens is a recorded document giving constructive notice that an action has been filed affecting title or right to possession of the real property described in the notice. *E.g., Park 100 Investment Group II, LLC v. Ryan*, 180 Cal. App. 4th 795, 807 (Cal. Ct. App. 2009). The party recording a lis pendens must be a party asserting a Real Property Claim as defined in California Code of Civil Procedure section 405.4. *Id*. Pursuant to California Code of Civil Procedure section 405.4, a "'real property claim' means the cause or causes of action in a pleading which would, if meritorious, affect (a) title to, or the right to possession of, specific real property or (b) the use of an easement identified in the pleading..." *Id.* California Code of Civil Procedure section 405.31 requires expungement of a lis pendens if the pleading on which the notice is based does not contain a real property claim. *Id.* Even when a real property claim has been properly pled, where the real property claim lacks evidentiary merit, the lis pendens must be expunged. *Id.*

UPEOC's interest arising out of the 2008 Consent Judgment does not relate back to the filling of its lis pendens, as the 2008 Consent Judgment does not adjudicate any interest in real property.

**11**

To the contrary, the only claims on which judgment was entered under the 2008 Consent Judgment are claims for money damages. Pursuant to California Code of Civil procedure section 405.24, "the rights and interest of the claimant in the property, *as ultimately determined* in the pending noticed action, shall relate back to the date of the recording of the notice." Cal. Code Civ. P. 405.24 (emphasis added). No real property rights were "ultimately determined" in the 2008 Amended Consent Judgment. Factual merit is necessary to the maintenance of a lis pendens. *Palmer v. Zaklama*, 109 Cal. App. 4th 1367,1378 (Cal. Ct. App. 2003); *Park 100*, 180 Cal. App. 4th at 808. *A fortiori*, the real property claims on which a lis pendens is based must be finally adjudicated in favor of the party asserting the lis pendens in order to confer the benefits provided in section 405.24. *See id.*

Because UPEOC has not carried its burden of establishing that Tearlach California's interest is inferior to UPEOC's interest, the petition to invalidate must be denied. *See, e.g., Whitehouse*, 40 Cal. App. 4th at 535. This is not the appropriate forum for UPEOC's challenge to Tearlach California's interest as established by the Kern County Superior Court's judgment.

**ORDER**

For the reasons stated, UPEOC's petition to invalidate the third party claim of Tearlach California is DENIED. Tearlach California's claim of priority has not been adjudicated in this proceeding and Tearlach California's claims for relief are likewise DENIED. Cal. Code. Civ. P. § 720.390 (court need not order disposition of property in resolving petition to invalidate under section 720.390).

IT IS SO ORDERED.

**Dated:   September 30, 2011**                    **/s/ Oliver W. Wanger**
                                                     UNITED STATES DISTRICT JUDGE