UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED PACIFIC ENERGY OPERATIONS AND CONSULTING, INC., AND PAUL GILLER,<br><br>**Plaintiffs,**<br><br>v.<br><br>GAS AND OIL TECHNOLOGIES, INC., et al.,<br><br>**Defendants.** | 1:11-CV-756-LJO-SMS<br><br>**ORDER TO SHOW CAUSE** |

## I. INTRODUCTION

This case, previously assigned to different District Judge, was initiated by the filing on January 5, 2011 of a "Registration of Foreign Judgment" and "Request for Issuance of Writ Execution" by Plaintiffs United Pacific Energy Operations and Consulting, Inc., and Paul Giller ("UPEOC"). Doc. 1. On May 6, 2011, Defendant Tearlach Resources LTD ("Tearlach") filed a third party claim pursuant to California Code of Civil Procedure § 720.110, asserting an ownership interest in certain federal oil leases at issue in the Request for Execution. *See* Doc. 17. UPEOC then filed a petition to invalidate Tearlach's third party claim. *See* Doc. 17. After numerous pretrial proceedings and a trial, District Judge Oliver W. Wanger denied Tearlach's ownership claim, as well as UPEOC's petition to invalidate Tearlach's third party claim because the status of Tearlach's claim had not been adjudicated. Docs. 93 & 94.

On February 6, 2014, Tearlach filed an application for an order from this Court in which it requested: (1) that this Court direct the U.S. Marshal to release to Tearlach $36,000 previously seized

funds and (2) that this Court adjudicate that Tearlach holds a 100% interest in the federal oil leases. *See* Doc. 111-1 at 2; *see also* Doc. 118 at 2. The leases have been the subject of litigation for many years in this Court and elsewhere.

The Court declined to rule on the Tearlach's application "without providing an opportunity to others claiming an interest in the funds and leases to respond to the application," ordered Tearlach to serve the judgment debtors, and ordered "any response to [Tearlach's] application to be filed and served no later than March 13, 2014." Doc. 114. On February 17, 2014, Tearlach filed proof of service that the application was served upon:

>Ingrid Aliet-Gass
>168 N. Highland Place
>Monrovia, CA 91016
>
>Gas and Oil Technologies, Inc.
>168 N. Highland Place
>Monrovia, CA 91016
>
>Western States International, Inc.
>168 N. Highland Place
>Monrovia, CA 91016

No response or opposition to Tearlach's application was filed by the March 13, 2014 deadline. Accordingly, on March 25, 2013, the Court ordered the U.S. Marshal to release the funds. Doc. 116 at 2.

On May 8, 2014, Tearlach filed a proposed order concerning the leases. Doc. 118. The Court adopted the proposed order on May 12, 2014, which ordered "and adjudicated that Tearlach . . . holds all right, title, and interest in One-Hundred Percent (100%) [in the leases]." Doc. 12 at 2.

On June 10, 2014, WSI filed "objections and [a] request to vacate all recent orders granted by this Court since February 6, 2014." Doc. 122 at 1. WSI objects "to everything that has transpired" since February 6, 2014, on the ground that neither it nor its counsel received "[n]otice of anything occurring in this Court beginning February 6, 2014 to the present." *Id.* at 2. WSI claims that Tearlach intentionally "failed to give notice to [WSI and its counsel]." *Id.* WSI further asserts that Tearlach's May 8, 2014 proposed order "was not presented to the Court pursuant to lawful notice, a hearing, an opportunity for a hearing, or any presentation of competent evidence . . . [and was not] properly before the Court via a

motion and pleadings." *Id.*

On June 12, 2014, Tearlach filed an opposition (Doc. 126) to which WSI replied on June 16, 2014. Doc. 127. On June 16, 2014, Tearlach filed a series of objections to WSI's reply (Doc. 128) to which WSI responded on June 18, 2014. Doc. 129.

## II. DISCUSSION

### A.   WSI's Pleadings.

WSI's pleadings since June 2014 are borderline unintelligible, riddled with outlandish hyperbole, replete with petty and unprofessional attacks on opposing counsel, unprofessionally written, and lacking necessary citations to the record, evidence, and appropriate authority. The Court therefore ADMONISHES WSI's counsel to respect the limited time and resources of this Court by confining its submissions to intelligible, reasoned work product. In the future, the Court will strike unintelligible or otherwise unprofessional filings.

### B.   Service Issues.

The Court finds no merit to WSI's allegations that Tearlach failed (intentionally or otherwise) to serve WSI and Ms. Aliet-Gass with documents filed since February 2014. Pursuant to the Court's February 14, 2014 order, counsel for Tearlach filed appropriate proof of service on WSI and Ms. Aliet-Gass. Doc. 115 at 2. Counsel for WSI, Mr. A. Alexander Gorman, asserts that because counsel for Tearlach knew that Mr. Gorman was "interested counsel" in this case, counsel for Tearlach should have served him. But, Mr. Gorman did not enter an appearance in this case until June 10, 2014. Doc. 121. Thus, counsel for Tearlach did not have any obligation to serve Mr. Gorman any pleadings filed before then.

### C.   Merits of WSI's Motion.

The Court will construe WSI's June 10, 2014 "Objections" as a motion for relief from a judgment or order pursuant to Fed. R. Civ. P. 60. Despite the parties' unclear filings, WSI's motion points out a potentially significant issue: whether Tearlach is entitled to a 100% interest in the leases as it represented in its application and elsewhere. A review of the record indicates that Tearlach

indisputably is entitled to a 60% interest in the leases pursuant to a valid California court judgment. *See* Doc. 126, Ex. B (copy of *Tearlach Resources, Ltd. v. Western States Int'l, Inc.*, 219 Cal. App. 4th 773, 790 (2013) (the trial court "merely declared, based on the contract the parties entered into, that the lessee, Western States, transferred a 60 percent interest in the leases to Tearlach California, effective on a specified date")). It is less clear, however, whether Tearlach is entitled to the remaining 40% interest in the leases. Tearlach's opposition to WSI's objections does not address this issue sufficiently. Tearlach simply asserts that

> The 100% interests were seized years ago from WSI and ALIET-GASS, without objection, following their stipulation to judgment . . . . The initial 60% interest was adjudicated to belong to Tearlach in the Superior Court action (upheld despite challenges up to the California Supreme Court), and the remaining interests were properly subject to Tearlach's huge monetary judgments and Writs of Execution.

Doc. 126 at 11. Tearlach does not clearly or persuasively explain in either its application or its subsequent filings how the monetary judgments it has obtained against WSI apparently translate into ownership of the remaining 40% interest in the leases. On further review, the Court is concerned it erred in ordering and adjudicating that "Tearlach . . . holds all right, title, and interest in One-Hundred Percent (100%) of [the leases]."

Accordingly, the Court ORDERS Tearlach to show cause in writing on or before July 7, 2014: (1) why it is entitled to a 100% interest in the leases, as opposed to a 60% interest; and (2) why the Court should not modify the relevant orders to reflect only partial entitlement to the leases. WSI shall file any responsive brief on or before July 17, 2014. The Court ORDERS both parties to discuss in their briefs the effect, if any, that the Court's orders concerning Tearlach's interests in the leases may have on pending proceedings in the U.S. Department of Interior Board of Land Appeals or elsewhere.

The Court also ORDERS WSI to show cause in writing on or before July 17, 2014 why its objections to this Court's 2014 orders have not been waived due to untimeliness in light of the Court's conclusion above that WSI's service of process objections are without merit. Tearlach may file a response limited to only this issue on or before July 24, 2014.

Unless and until the Court orders otherwise, no replies are authorized. The Court will inform the parties if it believes a hearing would be helpful. The Court ADMONISHES counsel to clearly and fully support their respective positions with appropriate documentation and authority

**SO ORDERED**
**Dated: June 23, 2014**

                                      /s/ Lawrence J. O'Neill
                                **United States District Judge**