UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED PACIFIC ENERGY OPERATIONS AND CONSULTING, INC., AND PAUL GILLER,<br><br>Plaintiffs,<br><br>v.<br><br>GAS AND OIL TECHNOLOGIES, INC., et al.,<br><br>Defendants. | 1:11-CV-756-LJO-SMS<br><br>**MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S RULE 60 MOTION** |

## I. INTRODUCTION

This case, previously assigned to a different District Judge, was initiated by the filing on January 5, 2011 of a "Registration of Foreign Judgment" and "Request for Issuance of Writ Execution" by Plaintiffs United Pacific Energy Operations and Consulting, Inc., and Paul Giller ("UPEOC"). Doc. 1. On May 6, 2011, Defendant Tearlach Resources LTD ("Tearlach") filed a third party claim pursuant to California Code of Civil Procedure § 720.110, asserting an ownership interest in certain federal oil leases at issue in the Request for Execution. *See* Doc. 17. UPEOC then filed a petition to invalidate Tearlach's third party claim. *See* Doc. 17. After numerous pretrial proceedings and a trial, Senior District Judge Oliver W. Wanger denied Tearlach's ownership claim, as well as UPEOC's petition to invalidate Tearlach's third party claim because the status of Tearlach's claim had not been adjudicated. Docs. 93 & 94.

On February 6, 2014, Tearlach filed an application for an order from this Court in which it requested: (1) that this Court direct the U.S. Marshal to release to Tearlach $36,000 previously seized funds and (2) that this Court adjudicate that Tearlach holds a 100% interest in the federal oil leases. *See* Doc. 111-1 at 2; *see also* Doc. 118 at 2. The leases have been the subject of litigation for many years in

1

this Court and elsewhere.

The Court declined to rule on the Tearlach's application "without providing an opportunity to others claiming an interest in the funds and leases to respond to the application," ordered Tearlach to serve the judgment debtors, and ordered "any response to [Tearlach's] application to be filed and served no later than March 13, 2014." Doc. 114. On February 17, 2014, Tearlach filed proof of service that the application was served upon:

>    Ingrid Aliet-Gass
>    168 N. Highland Place
>    Monrovia, CA 91016
>
>    Gas and Oil Technologies, Inc.
>    168 N. Highland Place
>    Monrovia, CA 91016
>
>    Western States International, Inc.
>    168 N. Highland Place
>    Monrovia, CA 91016

No response or opposition to Tearlach's application was filed by the March 13, 2014 deadline. Accordingly, on March 25, 2013, the Court ordered the U.S. Marshal to release the funds. Doc. 116 at 2.

On May 8, 2014, Tearlach filed a proposed order concerning the leases. Doc. 118. The Court adopted the proposed order on May 12, 2014, which ordered "and adjudicated that Tearlach . . . holds all right, title, and interest in One-Hundred Percent (100%) [in the leases]." Doc. 12 at 2.

On June 10, 2014, WSI filed "objections and [a] request to vacate all recent orders granted by this Court since February 6, 2014." Doc. 122 at 1. WSI objects "to everything that has transpired" since February 6, 2014, on the ground that neither it nor its counsel received "[n]otice of anything occurring in this Court beginning February 6, 2014 to the present." *Id.* at 2. WSI claims that Tearlach intentionally "failed to give notice to [WSI and its counsel]." *Id.* WSI further asserts that Tearlach's May 8, 2014 proposed order "was not presented to the Court pursuant to lawful notice, a hearing, an opportunity for a hearing, or any presentation of competent evidence . . . [and was not] properly before the Court via a motion and pleadings." *Id.*

On June 12, 2014, Tearlach filed an opposition (Doc. 126) to which WSI replied on June 16,

2014. Doc. 127. On June 16, 2014, Tearlach filed a series of objections to WSI's reply (Doc. 128) to which WSI responded on June 18, 2014. Doc. 129.

On June 23, 2014, the Court issued an order to show cause. Doc. 130. Among other things, the Court noted its concern as to "whether Tearlach is entitled to a 100% interest in the leases as it represented in its application and elsewhere." *Id.* at 3. Because Tearlach did not "clearly or persuasively explain in either its application or its subsequent filings how the monetary judgments it has obtained against WSI apparently translate into ownership of the remaining 40% interest in the leases," the Court was "concerned it erred in ordering and adjudicating that 'Tearlach . . . holds all right, title, and interest in One-Hundred Percent (100%) of [the leases].'" *Id.*

The Court therefore ordered Tearlach to show cause in writing as to "(1) why it is entitled to a 100% interest in the leases, as opposed to a 60% interest; and (2) why the Court should not modify the relevant orders to reflect only partial entitlement to the leases." *Id.* at 4. Tearlach timely filed a brief responding to the Court's order to show cause (Doc. 131) to which WSI timely responded (Doc. 132).[1] WSI moves for relief from the Court's order adjudicating and ordering that Tearlach holds a 100% interest in the leases. *Id.* at 6. WSI argues that "[t]he facts of this case fulfill several different grounds under Rule 60(b)." *Id.*

## II. DISCUSSION

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The rule permits a district court to relieve a party from a final order or judgment on the grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ... of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied ...; or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

Motions to reconsider are committed to the discretion of the trial court. *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). Under Fed. R. Civ. P. 60(b)(1), the trial court may, within a

---

[1] Tearlach filed objections to one of WSI's two responsive pleadings on the ground it was untimely filed. *See* Docs. 133, 134. As discussed below, the Court need not address those objections or WSI's response to them.

3

reasonable time not exceeding the time for appeal, change a prior decision. *Gila River Ranch, Inc. v. United States*, 368 F.2d 354 (9th Cir. 1966). An error of law provides ground for relief under Fed. R. Civ. P. 60(b)(1). *Liberty Mut. Ins. Co. v. E.E.O.C.*, 691 F.2d 438, 441 (9th Cir. 1982); *see also Peterson v. Blauer*, 471 Fed. App'x 700, 700 (9th Cir. 2012) ("A district court may correct an error of law under Rule 60(b)(1).") (citing *id.*). "[T]he rule is remedial in nature and thus must be liberally applied." *Comm. Dental Servs. v. Tani*, 282 F.3d 1164, 1169 (9th Cir. 2002).

The Court is unsatisfied with Tearlach's response to the order to show cause. Tearlach bears the burden of demonstrating that it is entitled to a 100% interest in the leases and Tearlach has thus far failed to meet that burden.

As the Court explained in the order to show cause, the record establishes that Tearlach holds a 60% interest in the leases. "It is less clear, however, whether Tearlach is entitled to the remaining 40% interest in the leases." Doc. 130 at 4. Tearlach's pleadings thus far have not addressed this issue sufficiently or persuasively.

The thrust of Tearlach's position is that it is entitled to the remaining 40% interest in the leases pursuant to a state court writ of execution enforcing its monetary judgments against WSI. *See* Doc. 131 at 5. Tearlach claims the U.S. Marshal has seized the remaining 40% interest in the leases[2] and will only release it by order of this Court. *See* Doc. 131 at 9; *id.* at 10. Tearlach argues "the property held by the [U.S.] Marshal was subject to release to Tearlach pursuant to its Writs of Execution and this Court's [May 14, 2014] Order." *Id.* at 5. In support, Tearlach cites to correspondence between its counsel and the U.S. Marshal. Tearlach claims its counsel "requested that the property being held by the U.S. Marshal be delivered to counsel for [Tearlach]." *Id.* at 8. Aside from Tearlach's counsel's once stating that it was his understanding that the U.S. Marshal had "seized certain oil and gas leases," the correspondence relates only to $36,000.00 the U.S. Marshal seized and Tearlach's alleged entitlement to those funds. *See id.* (citing Doc. 111 at 21). There is no further mention of the leases. *See id.* at 29-37.

---

[2] Tearlach claims that the U.S. Marshal previously seized 100% of the interest in the leases and has retained possession of the remaining 40% after it was adjudicated that Tearlach was entitled to a 60% interest. *See* doc. 131 at 10.

Notably, counsel for Tearlach only requested that the U.S. Marshal release $36,000.00 "[p]ursuant to the Writ of Execution in favor of [Tearlach]." Doc. 111 at 30; *see also id.* at 33-34. Counsel for Tearlach made no claim that the U.S. Marshal had seized the 40% interest in the leases or that Tearlach was entitled to it pursuant to the Writ of Execution. Based on this limited evidence, the Court cannot determine whether the U.S. Marshal did, in fact, seize the 40% interest in the leases or retain possession of it.

The Court has scoured the record and can find no judgment, writ, or other court order that clearly establishes Tearlach's alleged entitlement to the remaining 40% interest in the leases. While Tearlach clearly is in possession of writs of execution concerning substantial monetary judgments, the record is devoid of any documentation establishing that this Court is empowered to transfer the remaining 40% lease interest to Tearlach based upon these monetary judgments.

The Court therefore finds that it made an error of law in its May 12, 2014 order adjudicating that Tearlach "holds all right, title, and interest in One-Hundred Percent (100%) of [the leases]." Doc. 120 at 2.[3] Accordingly, the Court GRANTS WSI's Fed. R. Civ. P. 60(b) motion for relief from the Court's May 12, 2014 order. The Court VACATES its May 14, 2014 order.

If Tearlach wishes to reapply for an order adjudicating its interest in the leases, it shall do so on or before August 4, 2014. Tearlach will be given <u>one</u> more chance to explain and support its position that it is entitled to a 100% interest in the leases. Tearlach is advised to thoroughly explain with supporting authority and appropriate documentation how this Court can lawfully adjudicate that Tearlach is entitled to the remaining 40% interest in the leases and why it is so entitled.

### III. CONCLUSION AND ORDER

The Court GRANTS WSI's Fed. R. Civ. P. 60(b) motion for relief from the Court's May 12, 2014 order and VACATES its May 14, 2014 order (Doc. 114). Tearlach may file an application on or before August 4, 2014. WSI may file any responsive brief on or before August 18, 2014. Unless and

---

[3] The Court is also concerned that its May 12, 2014 order may be void on due process grounds because WSI asserts it did not receive notice of any of the filings that led to the order, namely, Tearlach's application. *See* Fed. R. Civ. P. 60(b)(4).

1  until the Court orders otherwise, no reply is authorized. The Court will inform the parties if it believes a

2  hearing would be helpful. The Court ADMONISHES counsel to support clearly and fully their

3  respective positions with appropriate documentation and authority.

4

5  IT IS SO ORDERED.

6      Dated:   **July 22, 2014**                **/s/ Lawrence J. O'Neill**
                                                                 UNITED STATES DISTRICT JUDGE