# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED PACIFIC ENERGY OPERATIONS AND CONSULTING, INC., AND PAUL GILLER,<br><br>Plaintiffs,<br><br>v.<br><br>GAS AND OIL TECHNOLOGIES, INC., et al.,<br><br>Defendants. | 1:11-CV-756-LJO-SMS<br><br>**ORDER DENYING APPLICATION FOR RELEASE OF LEVY (Doc. 138)** |

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case, previously assigned to a different District Judge, concerns execution of a judgment entered in a Central District of California case, *United Pacific Energy Operations and Consulting, Inc. v. Gas and Oil Technologies, Inc.*, No. CV 07-4436 CJC (RNBx) ("CDCA Case"). In the CDCA Case, judgment was entered on May 2, 2008 in the amount of $2,456,000.00 in favor of United Pacific Energy Operations and Consulting, Inc. ("UPEOC") and Paul Giller and against Gas and Oil Technologies, Inc., Western States International, Inc. ("WSI"), and United Pacific Energy Corporation ("CDCA Judgment"). *See* Doc. 1 at 4.

The instant case was initiated by the filing on January 5, 2009 of a "Registration of Foreign Judgment" and "Request for Issuance of Writ Execution" by UPEOC. Docs. 1. 1-1. On February 3, 2009, the Clerk of Court of the Eastern District of California issued a writ of execution, reflecting the substance of the CDCA Judgment plus interest ("EDCA Writ of Execution"). Doc. 5.

Pursuant to the EDCA Writ of Execution, the United States Marshal's Service ("USMS")

1

recorded two "Notices of Levy" with the Kern County Recorder's office against WSI,[1] encumbering two separate oil and gas leases[2] ("the leases") in which WSI ostensibly held an interest. *See* Doc. 144 at ¶ 3.

On April 14, 2011, a second writ of execution issued. Doc. 9. Pursuant to that writ, a USMS Deputy "posted a notice of sale" of the leases on April 28, 2011. *See* Doc. 144 at ¶ 4.

On May 6, 2011, Defendant Tearlach Resources LTD ("Tearlach") filed a third party claim pursuant to California Code of Civil Procedure § 720.110, asserting an ownership interest in the leases. *See* Doc. 17 (explaining that the third party claim was erroneously filed in the CDCA Case). On May 21, 2011, UPEOC filed a petition to invalidate Tearlach's third party claim. *See* Doc. 17. Two days later, on May 23, 2011, UPEOC moved for an ex parte temporary restraining order ("TRO") requesting, among other things, that the USMS be enjoined from releasing, surrendering, or cancelling any lien or other security interest of UPEOC in the leases. Doc. 19-2. The request for a TRO was granted on May 23, 2011, and this Court enjoined the USMS from "releasing any lien or other security interest of the Plaintiff UPEOC in any properties levied upon by the USMS on behalf of Plaintiff UPEOC," including the leases. Doc. 21. The USMS, learning of the third party claim, did not proceed with the sale of the leases. Doc. 144 at 2.

The TRO was later converted to a preliminary injunction, precluding the USMS from "releasing the Leases" until "by further order the Court dissolves such preliminary injunction in connection with a final resolution of the Petition." Doc. 40 at ¶ 4.

---

[1] Defendant Ingrid Aliet-Gass is the Chief Executive Officer of WSI. Doc. 122-2 at 2. The Court therefore will refer to WSI and Ms. Aliet-Gass collectively as "WSI."

[2] The leases are described as:

> Parcel 1 - A.P.N.: 07405032; a Bureau of Land Management federal oil and gas leasehold (Lease No. CACA 45618), commonly referred to as the Mitchel Lease, consisting of approximately 160 acres of leased lands, with oil wells and related production facilities, located in the North Kern Front oil field area of Kern County, California (part of Section 34, Township 27 South, Range 27 East, MDB&M);
>
> Parcel 2 - A.P.Ns.: 48101103, 48101113, and 48101124; a Bureau of Land Management federal oil and gas leasehold (Lease No. CACA 45619), commonly referred to as the Witmer B West, Witmer A and Sentinel A Leases, consisting of approximately 279 acres of leased lands, with oil wells and related production facilities, located in the North Kern Front oil field area of Kern County, California (part of Section 2, Township 28 South, Range 27 East, MDB&M).

Doc. 120 at 2.

After numerous pretrial proceedings and a trial, Senior District Judge Oliver W. Wanger denied Tearlach's ownership claim, as well as UPEOC's petition to invalidate Tearlach's third party claim because the status of Tearlach's claim had not been adjudicated. Docs. 93 & 94. The preliminary injunction was never formally dissolved, but the case was closed and the parties appealed. Doc. 95. The appeal was dismissed on August 28, 2012. Doc. 110 at 2.

On February 6, 2014, Tearlach filed an application for an order from this Court in which it requested: (1) that this Court direct USMS to release to Tearlach $36,000 previously seized funds and (2) that this Court adjudicate that Tearlach holds a 100% interest in the federal oil leases. *See* Doc. 111-1 at 2; *see also* Doc. 118 at 2.

The Court declined to rule on Tearlach's application "without providing an opportunity to others claiming an interest in the funds and leases to respond to the application," ordered Tearlach to serve the judgment debtors, and ordered "any response to [Tearlach's] application to be filed and served no later than March 13, 2014." Doc. 114 at 2. No response or opposition to Tearlach's application was filed by the March 13, 2014 deadline. Accordingly, on March 25, 2013, the Court ordered the USMS to release the funds. Doc. 116 at 2.

On May 8, 2014, Tearlach filed a proposed order concerning the leases. Doc. 118. The Court adopted the proposed order on May 12, 2014, which ordered "and adjudicated that Tearlach . . . holds all right, title, and interest in One-Hundred Percent (100%) [in the leases]." Doc. 120 at 2.

On June 10, 2014, WSI filed "objections and [a] request to vacate all recent orders granted by this Court since February 6, 2014." Doc. 122 at 1. WSI objected "to everything that has transpired" since February 6, 2014, on the ground that neither it nor its counsel received "[n]otice of anything occurring in this Court beginning February 6, 2014 to the present." *Id.* at 2. WSI claimed that Tearlach intentionally "failed to give notice to [WSI and its counsel]." *Id.* WSI further asserted that Tearlach's May 8, 2014 proposed order "was not presented to the Court pursuant to lawful notice, a hearing, an opportunity for a hearing, or any presentation of competent evidence . . . [and was not] properly before the Court via a motion and pleadings." *Id.*

On June 12, 2014, Tearlach filed an opposition (Doc. 126) to which WSI replied on June 16, 2014. Doc. 127. On June 16, 2014, Tearlach filed a series of objections to WSI's reply (Doc. 128) to which WSI responded on June 18, 2014. Doc. 129.

On June 23, 2014, the Court issued an order to show cause. Doc. 130. Among other things, the Court noted its concern as to "whether Tearlach is entitled to a 100% interest in the leases as it represented in its application and elsewhere." *Id.* at 3. Because Tearlach did not "clearly or persuasively explain in either its application or its subsequent filings how the monetary judgments it has obtained against WSI apparently translate into ownership of the remaining 40% interest in the leases," the Court was "concerned it erred in ordering and adjudicating that 'Tearlach . . . holds all right, title, and interest in One-Hundred Percent (100%) of [the leases].'" *Id.* (quoting Doc. 120 at 2). The Court therefore ordered Tearlach to show cause in writing as to "(1) why it is entitled to a 100% interest in the leases, as opposed to a 60% interest; and (2) why the Court should not modify the relevant orders to reflect only partial entitlement to the leases." *Id.* at 4.

Tearlach timely filed a brief responding to the Court's order to show cause (Doc. 131) to which WSI timely responded (Doc. 132). In its response, WSI moved for relief from the Court's order adjudicating and ordering that Tearlach holds a 100% interest in the leases under Fed. R. Civ. P. 60(b). *Id.* at 6.

The Court granted WSI's Fed. R. Civ. P. 60(b) motion and denied Tearlach's application for an order adjudicating that it was entitled to a 100% interest in the leases. Doc. 136 at 5. The Court found that "Tearlach b[ore] the burden of demonstrating that it is entitled to a 100% interest in the leases and . . . [had] thus far failed to meet that burden." *Id.* at 4. The Court noted that "[w]hile Tearlach clearly is in possession of writs of execution [against WSI from the Kern County Superior Court] concerning substantial monetary judgments, the record is devoid of any documentation establishing that this Court is empowered to transfer the remaining 40% lease interest to Tearlach based upon these monetary judgments." *Id.* at 5. The Court therefore found "that it made an error of law in its May 12, 2014 order adjudicating that Tearlach 'holds all right, title, and interest in One-Hundred Percent (100%) of [the

leases].'" *Id.* at 5 (quoting Doc. 120 at 2). Accordingly, the Court granted WSI's Fed. R. Civ. P. 60(b) motion for relief and vacated the May 12, 2014 order. *Id.*

The Court afforded Tearlach another opportunity to apply for an order adjudicating that it is entitled to a 100% interest in the leases. *Id.* On August 4, 2014, Tearlach filed an "application for release of levy" ("application"). Doc. 138. In its application, Tearlach requests an order directing the USMS to release any and all seized working interest in the leases "to the Kern County Sheriff so that the Sheriff can levy upon and sell the defendants and judgment debtors' remaining 40% working interest in those Leases pursuant to the writ of execution against WSI which Tearlach has obtained from the Kern County Superior court and seeks to enforce." *Id.* at 3. Tearlach further requests "an order enjoining each of the defendants from taking any steps to transfer or encumber the Leases in any way." *Id.*

WSI filed an opposition to Tearlach's application on August 19, 2014. Doc. 142. WSI opposes Tearlach's application for two primary reasons. First, WSI argues Tearlach fails to demonstrate that it is entitled to a 100% interest in the leases. *Id.* at 4. Second, WSI argues that because the United States Department of the Interior Bureau of Land Appeals ("IBLA") is currently adjudicating Tearlach's interests in the leases, this Court lacks subject matter jurisdiction over that issue. *Id.* at 10.[3]

After a review of the record, the Court found that the record was not clear as to what, if any, interest in the leases the USMS currently possesses. The Court therefore found that it could not determine whether the Court can (or should) grant the relief that Tearlach seeks. The Court requested that the USMS file a declaration addressing whether and to what extent it still holds any interest in the leases. Doc. 143 at 2.

On September 12, 2014, the USMS filed the requested declaration. Doc. 144. The declaration explained, among other things, that the USMS recorded a "Notice of Levy" related to the leases on June

---

[3] WSI's arguments concerning the IBLA proceedings are not entirely clear. The Court interprets WSI's response to argue that the IBLA is the appropriate venue for the parties to determine their interests in the leases. *See* Doc. 142 at 10. WSI therefore argues that, for a variety of reasons, any order from this Court adjudicating the parties' interests in the leases would be inappropriate. *See id.* Because the Court will not issue any such order for the reasons discussed below, the Court need not address WSI's arguments concerning the IBLA.

23, 2009 in the Kern County Recorder. *Id.* at 1.

On May 21, 2014, the USMS received a request from Tearlach's counsel to have the Court's May 12, 2014 Order recorded with the Kern County Recorder. *Id.* The Kern County Recorder rejected the Order because it was not a certified copy. *Id.* Because that Order was vacated, the USMS has taken no further action regarding Tearlach's counsel's request. *Id.*

The Court did not set a hearing for Tearlach's application and the parties did not request one. The Court finds it appropriate to rule on Tearlach's application without oral argument. *See* Local Rule 230(g).

## II. DISCUSSION

### A. Tearlach's Request for Order to USMS.

Federal Rule of Civil Procedure 69(a) governs the procedure that applies to the enforcement of a money judgment in federal court. *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007). The Court "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). The parties do not argue that any federal statute applies here, and the Court is unaware of any. Accordingly, the Court will apply California law.

Neither Tearlach's application nor WSI's opposition is a model of clarity. As an initial matter, the Court does not read Tearlach's application to request that this Court adjudicate that Tearlach is entitled to a 100% interest in the leases, as WSI suggests. Rather, the Court reads Tearlach's application to request, in part, that this Court order the USMS to release to the Kern County Sheriff any and all interests in the leases that the USMS possesses so that the Kern County Sheriff may dispose of the interests subject to Tearlach's writ of execution (Doc. 111 at 25). *See* 138 at 2-3, 10 n. 4. Unlike in its initial application, Tearlach no longer argues that this Court may adjudicate the parties' respective entitlement to the interests in the leases. Accordingly, the Court will not attempt to do so here.[4]

---

[4] As discussed in more detail below, Tearlach also requests that the Court issue directives to the Kern County Sheriff if the Court adjudicates WSI's entitlement to the leases. *See* Doc. 138 at 10.

Tearlach maintains that this Court may order "the USMS to release the subject lease interests[5] to the Kern County Sheriff, with direction that [the Kern County Sheriff] seize and/or put the interest for sale, subject to Tearlach's Kern County Writ of Execution." *Id.* at 10 n. 4.[6] Tearlach's Kern County Writ of Execution is dated November 20, 2013, and reflects an underlying judgment in favor of Tearlach and against WSI in the amount of $23,747,423.18. *See* Doc. 111 at 25.

The Kern County Sheriff is the appropriate "levying officer" to enforce Tearlach's writ of execution against WSI. *See* Doc. 111 at 25; Cal. Code Civ. Proc. § 699.520; *Wells Fargo Fin. Leasing, Inc. v. D&M Cabinets*, 177 Cal. App. 4th 59, 69 (2009); *Sourcecorp, Inc. v. Shill*, 206 Cal. App. 4th 1054, 1056 (2012). As the levying officer, the Kern County Sheriff may be permitted to sell WSI's property to satisfy Tearlach's monetary judgments against WSI. *See* Cal. Code Civ. Proc. § 699.040; *see also Sourcecorp*, 206 Cal. App. 4th at 1058 ("[G]enerally all the property of a judgment debtor is subject to enforcement of the money judgment"); *Grothe v. Cortlandt Corp.*, 11 Cal. App. 4th 1313, 1321-23 (1992). However, the sales may be encumbered by any prior recorded notices of levy entered by the USMS. The USMS Notices of Levy were premised upon the EDCA Writ of Execution, which concerned the CDCA Judgment entered in favor of UPEOC and Paul Geller, and against Gas and Oil Technologies, Inc., WSI, and United Pacific Energy Corporation. Doc. 144 at 15. Although Tearlach was not a judgment creditor pursuant to the EDCA Writ of Execution, Tearlach was served with the notices of levy "in its capacity as a third party with a potential interest in the subject lease[s]." *Id.* at 6, 22.

Tearlach appears to seek an order from this Court expunging the USMS Notices of Levy. But

---

[5] Tearlach's asserts in its application that the USMS currently possesses working interests in the leases. *See* Doc. 138 at 2. But the USMS's declaration and its supporting documentation indicate that the USMS currently does not hold any interest in the leases.

[6] WSI argues that the Bureau of Land Management ("BLM") "has never recognized any USMS's office 'seizure' and has always understood that WSI was the free and clear 100% owner of the leases, until the agency action that launched the concurrent IBLA case." Doc. 142 at 5. Whether the BLM has recognized the USMS's seizure of the leases and the BLM's position as to WSI's ownership interest in the leases are irrelevant for purposes of Tearlach's application before this Court. The record is clear that the USMS previously entered notices of levy regarding the leaseholds at issue in this case. *See, e.g.*, Docs. 139-1, 139-3, 139-4, and 144 at 1-2. Because Tearlach's application ultimately only requests that the USMS release the seized leasehold interests still in its possession, the Court need not make a finding of fact concerning the nature of those seized interests.

Tearlach has provided no compelling authority that this Court can do so, and the Court is unaware of any. While the preliminary injunction barring the USMS from releasing the Notices of Levy may no longer be in force, this does not necessarily mean the underlying EDCA Writ of Execution should be expunged. That writ concerned the CDCA Judgment in favor of UPEOC against WSI. The Court notes that the USMS Notices of Levy may have expired. *See* Cal. Civ. Proc. Code § 697.710 ("A levy on property under a writ of execution creates an execution lien on the property from the time of levy until the expiration of two years after the date of issuance of the writ unless the judgment is sooner satisfied."). If this is the case, Tearlach has failed to explain why the Court can or should take any action at all in connection with the USMS Notices of Levy. Likewise, even if the USMS Notices of Levy have not expired, Tearlach has failed to explain under what authority this Court could act to expunge them.

Tearlach has never demonstrated a clear understanding of the procedural history of this case and therefore failed to put any other party, and in particular UPEOC, the judgment creditor pursuant to the EDCA Writs of Execution, on notice of its intentions with respect to the USMS Notices of Levy. The Court has spent an inordinate amount of time sorting through the record to determine exactly what occurred in this case while it was before the previous District Judge, and an equally excessive amount of time attempting to determine the nature of and authority for Tearlach's requests. It is the responsibility of the parties to explain the factual and legal bases for their requests. Tearlach has utterly failed in this regard. Tearlach's application therefore is DENIED WITHOUT PREJUDICE.

**B.     Reversion of the Leases to WSI.**

Tearlach asserts that "[t]he logical extension of this Court's concern that the USMS did not seize and retain control of the subject leases could be to return the lease interests to WSI." Doc. 138 at 10. Tearlach argues that "[i]f the subject leases are found by this court to have reverted to WSI, the Court still has [the] power to restrain [WSI] from assigning or otherwise disposing of the disputed interests." *Id.* Thus, Tearlach requests that, if the Court in fact does find that the lease interests reverted back to WSI, that the Kern County Sheriff be directed to "seize and/or put the interests for sale, subject to Tearlach's Kern County Writ of Execution." *Id.* at 10 n.4.

8

Again, Tearlach's arguments on these issues are not particularly clear. The Court construes Tearlach's position to be that, if this Court does not find that the USMS seized and remains in possession of a 100% interest in the leases, then certain of the interests necessarily will "revert" to WSI (*i.e.*, that WSI will be entitled to interests in the leases). Tearlach provides no authority for this position and the Court is unaware of any. Further, WSI does not address the issue in its response.

For the reasons discussed above, the Court has not (and will not) make any finding of fact pertaining to the parties' respective interests in the leases. This includes a finding that the lease interests have reverted back to WSI.[7]

### III. CONCLUSION

For the foregoing reasons, Tearlach's application for an order to the USMS is DENIED.

IT IS SO ORDERED.

Dated:   **October 6, 2014**                                **/s/ Lawrence J. O'Neill**
                                                                                            UNITED STATES DISTRICT JUDGE

---

[7] Tearlach requests that the Court order the Kern County Sheriff to seize and/or sell the leases if the Court finds that the leases "have reverted to WSI." Doc. 138 at 10. Because the Court does not so find, the Court will not direct the Kern County Sheriff to seize or sell any leasehold interest.